**United States District Court**
**District of Minnesota**

| | |
|---|---|
| Raven Cain,<br><br>Plaintiff,<br><br>v.<br><br>Hunter Warfield, Inc.,<br><br>Defendant(s). | Court file no. ______________<br><br><br><br>**Complaint**<br><br>**JURY TRIAL DEMANDED** |

## Introduction

1. Plaintiff is suing the Defendant debt collector because Defendant left a misleading voicemail from Plaintiff, attempted to collect a debt that Plaintiff did not owe, and continued to collect on the debt after Plaintiff explained the debt had been paid.

## Jurisdiction

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) for the FDCPA claims.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. in their illegal efforts to collect a consumer debt from Plaintiff.

4. Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendant transacts business in Minnesota.

## Parties

5. Plaintiff Raven Cain, is a natural person who resides in Minneapolis, County of Hennepin, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Hunter Warfield, Inc. (hereinafter "Defendant") is a collection agency and foreign business corporation with its principal place of business at 4620 Woodland Corporate Blvd., Tampa, FL 33614, with a registered agent in Minnesota of Corporate Service Company, located at 2345 Rice Street, Suite 230, Roseville, MN 55113. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6)

## Factual Allegations

### *Background*

7. In or before 2014, Plaintiff and a co-tenant allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely a rental agreement for an apartment.

8. On or about December 2, 2014, there was an incident between Plaintiff and her co-tenant. Plaintiff's co-tenant was charged with domestic assault in Hennepin County District Court.

9. On or December 2, 2014, Hennepin County District Court issued a No Contact Order for Plaintiff's co-tenant in regards to Plaintiff.

10. As a result of the incident, Plaintiff needed to move out of the apartment.

11. Shortly thereafter, Plaintiff moved out of her apartment. On or about December 5, 2014, Plaintiff provided written notice to her landlord that she needed to break her lease as a result of the incident on December 2, 2014.

12. In her written notice, Plaintiff described her need to break the lease pursuant to Minnesota Statute § 504B.206, which allows for victims of domestic violence to break their lease when elements of a domestic violence crime are present.

13. Plaintiff provided her notice to Brian Fagan, who worked for Plaintiff's landlord. At tthat time, Mr. Fagan gave Plaintiff a post-it note that stated her remaining rent obligation would only be $170.97. Mr. Fagan informed Plaintiff that her utility billing move-out would be $208.53. Mr. Fagan also told Plaintiff they could take those funds out of Plaintiff's security deposit

of $300, unless there was any damage to the apartment and that was in excess of the security deposit.

14. The following day, on or about December 6, 2014, Mr. Fagan sent an email to Plaintiff confirming that she would only owe $170.97 for the rental portion remainder of her lease.

15. Shortly thereafter, Plaintiff caused a check to be delivered to her landlord in the amount of $171.00, to cover the remaining balance on her lease. Plaintiff later confirmed by phone that her former landlord had received the check.

16. At that point, Plaintiff understood and believed that her landlord would take her utility billing move-out from her security deposit. Plaintiff had also hand-delivered a cashier's check to cover the unpaid portion of her rent. It was Plaintiff's understanding that she satisfied all of her obligations to her former landlord.

17. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection.

*Defendant Begins Collection Activities*

18. On or about December 26, 2014, Defendant contacted Plaintiff by telephone, and this call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

19. Plaintifff received a voicemail on December 26, 2014, from (813) 283-4005.

20. In the voicemail, Defendant stated that the message was for Plaintiff, or words to that effect.

21. In the voicemail, Defendant did not provide the notices required by 15 U.S.C. § 1692e(11), namely, that it did not state that it was a debt collector attempting to collect a debt and that any information would be used for that purpose.

22. This voicemail was a collection communications in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692e(10), and 1692e(11), among others.

*Defendant Attempts to Collect an Erreneous Amount from Plaintiff*

23. On or about December 30, 2014, Defendant contacted Plaintiff by telephone, and this call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24. Defendant left a voicemail for Plaintiff. After listening to the voicemail, Plaintiff returned Defendant's call and this call became a “communication” in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

25. Plaintiff spoke with an unknown female collector that worked for Defendant.

26. Defendant's collector said she was calling on behalf of Village Park of Bloomington and that Plaintiff owed $2,720.16 to her former landlord, or words to that effect.

27. Plaintiff immediately disputed the debt and explained that she had already paid the alleged debt. Plaintiff further explained that she was confused, as she was the victim of a crime and by law she had terminated her lease and paid her landlord in full, or words to that effect.

28. Defendant's debt collector then began asking more details about the alleged crime.

29. Still upset by the domestic violence incident, and concerned about providing any information to an unknown party, Plaintiff said she could not provide any details.

30. Plaintiff said she would contact the landlord directly and ended the call, or words to that effect.

31. By indicating that she had already paid the debt, and that she lawfully and legally had terminated her lease pursuant to her rights as a victim of a crime, Plaintiff had unequivocally expressed that she would not pay the debt.

32. By collecting on an amount the Plaintiff did not owe, and by asking for more details about the alleged crime, Defendant violated numerous provisions of the FDCPA including, but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f(1), among others.

33. After speaking with Defendant, Plaintiff called her former landlord. Plaintiff was informed that the matter had been sent to collections and they could not provide any more details.

34. In an effort to get more information about this alleged debt, Plaintiff called Defendant again, and this call became a “communication” in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

35. Plaintiff spoke with an unknown collector working for Defendant.

36. Plaintiff requested a breakdown of the balance of the alleged debt.

37. Defendant's collector that the balance of $2,720.16 was $1,060 for lease abandonment, $1,060 for providing insufficient notice, $270 in damages, $208.53 for utilities, and $127.63 for pro-rated rent.

38. Plaintiff did not abandon her lease or provide insufficient notice – she lawfully terminated it pursuant to MN Stat. § 504B.206. In addition, Plaintiff's former landlord had agreed in writing to accept $170.97 as satisfaction for any unpaid rent.

39. Plaintiff immediately disputed the debt with the debt collector. Plaintiff also stated that she had already explained her legal situation to the first collector. Plaintiff then ended the call.

40. At that point, Plaintiff had indicated that she did not owe the debt, and was not going to pay it.

41. By collecting on an amount the Plaintiff did not owe and by misrepresenting the amount of the alleged debt, Defendant violated numerous provisions of the FDCPA including, but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1), among others.

*Defendant Continues to Collect the Alleged Debt*

42. After Plaintiff had disputed the debt, and also explained that she had already paid it, Defendant continued to contact Plaintiff by telephone, and each call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

43. Defendants continued to leave voicemails on Plaintiff's cellphone.

44. In at least one of the voicemails, an unidentified debt collector says they have an "important message."

45. Plaintiff had already refused to pay the debt, and explained that she had lawfully terminated her lease and paid it, pursuant to MN Stat. § 504B.206.

46. Shortly after receiving another voicemail, Plaintiff returned Defendant's call to find out what the "important message" was.

47. Plaintiff spoke with an unidentified collector that worked for Defendant.

48. Defendant's debt collector asked Plaintiff if she wanted to dispute the debt and Plaintiff said yes.

49. Plaintiff again explained that she involved in another legal matter related to this lease, that she had lawfully terminated her lease pursuant to Minnesota law, and that had paid her unpaid portion of the lease.

50. Defendant's debt collector then asked for the specific statute.

51. Plaintiff said she was unable to locate it at that time.

52. At this point, Plaintiff had explained her situation at least twice to Defendant. Defendant could have obtained additional information from the original creditor, but apparently elected not to. When Defendant's debt collector asked her for the specific statutory reference, Plaintiff felt like Defendant was intruding into her personal matters.

53. By collecting on an amount the Plaintiff did not owe, and by asking for more details about the alleged crime, Defendant violated numerous provisions of the FDCPA including, but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f(1), among others.

*Defendant Fails to Provide the "G-Notice"*

54. To date, Plaintiff has not received any written communications(s) from Defendant. As a result, Defendant failed to provide Plaintif with the proper notices required by 15 U.S.C § 1692g et seq. (the "g-notice").

55. By failing to provide Plaintiff with the proper notices, Defendant violated numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692e(10), and 1692g, among others.

**Summary**

56. All of the above-described collection communications made to Plaintiff by these individual Defendants and other collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

57. Plaintiff has suffered actual damages as a result of Defendant's illegal conduct in the form of emotional distress, including but not limited to: stress, frustration, anxiety, amongst other negative emotions.

**Respondeat Superior Liability**

58. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

59. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

60. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant.

61. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

**Trial by Jury**

62. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

**Cause of Action**

**Count 1:**
**Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. §§ 1692 et seq.**

63. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

64. The foregoing intentional and negligent acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but

not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

65. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## Request for Relief

**Wherefore**, Plaintiff requests that judgment be entered against each Defendant for:

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

- statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;
- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and
- for such other and further relief as may be just and proper.

Respectfully submitted,

**The Ryder Law Firm, LLC**

Date: May 21, 2015

*s/Randall P. Ryder*

Randall P. Ryder (#389957)
2701 University Avenue SE, #209
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.3247
e-mail • email@theryderlawfirm.com

Attorney for Plaintiff

## Verification of Complaint and Certification

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Pursuant to 28 U.S.C. § 1746, Plaintiff Raven Cain having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney(s) and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 5/5/15

Raven Cain